ORDER AND OPINION FOLLOWING PRE-HEARING CONFERENCE ON MOTIONS TO SUPPLEMENT RECORD AND EXPEDITE PROCEEDINGS
EDMUND CLAY GOODMAN, Acting Judge.
BACKGROUND
Pursuant to the Grand Ronde Employment Action Review Ordinance, Tribal Code § 255.5, Petitioner seeks judicial review of the Final Employment Decision issued by Spirit Mountain Casino to terminate his employment involuntarily, naming both Spirit Mountain Gaming, Inc., and the Confederated Tribes of the Grand Ronde Community of Oregon as party respondents in this matter. The Confederated Tribes have been dismissed as a party defendant. Petitioner has moved the Court to supplement the administrative record provided by Respondent Spirit Mountain Gaming, as well as to expedite the proceedings.
The parties have had the opportunity to brief the issues raised in Petitioner’s motion to supplement the record, and at the February 6, 2004, hearing made oral argument regarding that motion as well as regarding Petitioner’s oral motion to expedite the proceedings.
ISSUES PRESENTED
1. Petitioner made an oral motion at a prior hearing to expedite the proceedings. Specifically, Petitioner requests that the Court bifurcate the proceedings to deal initially with Petitioner’s claim, under the Indian Civil Rights Act, that the process afforded by Respondent to Petitioner to challenge his termination of employment violated Petitioner’s right to due process. That motion is denied.
2. Petitioner moved to supplement the record in this case with a number of additional materials. That motion is granted in part, and denied in part.
ANALYSIS

1. Should the Court Bifurcate the Proceedings to Address Due Process Issue First?

Petitioner asserts that the process provided by Respondent to Petitioner for challenging his termination of employment violates the due process provision of the Constitution of the Confederated Tribes of the Grand Ronde Community of Oregon, Article III, Section 3(k), as well as the similarly worded provision of the Indian Civil Rights Act. 25 U.S.C. § 1302(8) *88 (“ICRA”).[1] Petitioner asserts that the process below, which this Court is charged with reviewing, does not involve a hearing at which Petitioner could have presented witnesses and confronted the evidence against her. Petitioner asserts that this process on its face violates Petitioner’s right to due process, and urges that the Court take this issue up first through a bifurcated, and expedited, briefing and argument schedule. Petitioner asserts that if Petitioner prevails on this issue, the Court would remand the case back to Respondent for additional proceedings consistent with the due process requirements of the ICRA. Such a result, Petitioner asserts, would conserve judicial resources by allowing the parties and the Court to focus on a single, potentially dispositive issue, rather than brief and argue all the issues presented in the case. Petitioner also asserts that, due to the disparity in resources between Petitioner and Respondent, moving forward in this way would not prejudice the Respondent.
Respondent counters that the Employment Action Ordinance, Tribal Code § 255.5, contains no provision for bifurcating proceedings based on separating out certain potentially dispositive issues, but rather contemplates that all issues involved in the case will be raised and addressed in the briefing and argument schedule set out at Tribal Code § 255.5(d)(6). Respondent does not appear to contest that the Court has the discretion to bifurcate the proceedings, but urges that the Court adhere to the single briefing and hearing process set out in the Employment Action Ordinance. Finally, Respondent contests Petitioner’s assertion of lack of prejudice to the Tribe.
While the Court notes that, at least upon initial consideration, the process offered by Respondent may appear to be questionable, particularly in light of the Tribal Court of Appeals decision in Synowski v. Confederated Tribes of Grand Ronde, Case No. A-01-10-001, 2003 WL 25756097, 4 Am. Tribal Law 122 (Grand Ronde 2003), the motion to expedite and bifurcate is premised on the notion that Petitioner mil prevail on this issue. Until the Court hears arguments and reviews the record and process in greater detail, the Court will not prejudge the possible outcome of this or any other issue. Moreover, the Court takes note of the well-established judicial practice of declining to rule on constitutional issues if a case before the Court can be resolved on grounds other than constitutional interpretation. See Clay v. Sun Ins. Office, Ltd., 363 U.S. 207, 209, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960) (noting that by “the settled canons of constitutional adjudication the constitutional issue should have been reached only if, after decision of two non-constitutional questions, decision was compelled”). The “due process” challenge raised here is being raised under the Tribal Constitution. Because Petitioner raises issues other than his due process claim, the Court will adopt the time-honored practice of considering those issues first in its deliberations. If the Court finds that Petitioner prevails on one of these other issues, the Court may not need to address the Constitutional “due process” question.[2]
*89 The Court will thus establish a briefing and oral argument schedule consistent with Tribal Code § 255.5(d)(6), which will include argument on all issues in this case.

2. Can Petitioner Supplement the Record with the Materials Requested?

On October 22, 2003, Petitioner filed Petitioner’s Request for Additional Documents and Information to be Included in the Record, listing six different categories of items to be included. Respondent objected to five of the six of Petitioner’s requests.
Petitioner’s overall argument regarding the requested items goes more to the process by which the record below was developed. The argument has two threads. The first is that certain of the requested items were not “submitted to or relied upon” by the Decisionmaker, but should have been. Petitioner asserts that he did not have an adequate opportunity to present those items. The second is that certain other of the requested items somehow figured into the determination in some way that is unknown to Petitioner, due to the nature of the grievance review process below. Petitioner’s argument, in essence, boils down to a critique of the process below: that the means by which Petitioner can challenge the adverse action against him do not allow Petitioner to understand fully what the Decisionmaker is taking into consideration, and does not permit Petitioner with an adequate opportunity to make his case.
Petitioner also asserts that the additional information is necessary to demonstrate that the Decisionmaker acted in a retaliatory manner in terminating his employment, and that the record below has been arbitrarily limited to disguise this fundamental fact. In essence, Petitioner asserts that Respondent has developed a record in bad faith to support its decision, and has failed to include necessary information detrimental to its decision.
Respondent objects generally to the motion to supplement record on the grounds that Petitioner has not made the requisite showing under Tribal Code § 255.5(d)(4) that the requested items “were part of the underlying record.” In fact, Respondent objects that Petitioner has made no “showing” at all, but has merely asserted a right to the items requested. Respondent further argues that the “underlying record” for the purposes of the Employment Action Review Ordinance is limited to those items set out at in the last sentence of 255.5(d)(4), which reads as follows:
The record shall include the following: (A) a copy of the Final Employment Decision; (B) a copy of all documentary information or evidence submitted to or relied upon by the Decisionmaker who issued the Final Employment Decision; (C) a copy of relevant portions of an employee’s personnel file; (D) a copy of any investigation reports and incident reports submitted to or relied upon by the Decisionmaker who issued the Final Employment Decision; and (E) a copy of any recorded proceeding relating to the Final Employment Decision.
Tribal Code 255.5(d)(4) (emphasis added). Respondent’s counsel, at oral argument, asserted that the phrase “the record shall include the following” means that the subsequent list is an exclusive list of the items that are to be deemed the underlying record.
Respondent also argues, using the analogy of the federal Administrative Procedures Act and case law interpreting that statute, that even if the Court could order *90 that Respondent supplement the record below with additional items outside the record, particularly with regard to assertions that the Decisionmaker acted in bad faith, Petitioner must make a “strong showing” that such additional items should be added to the evidence considered by the Court. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).
The Court finds that, with a couple of limited exceptions, Petitioner has not made the requisite showing to the satisfaction of the Court that the requested items were either a part of the underlying record or that the record should be supplemented. In fact, Petitioner has not made any showing at all, but has relied on conclusory assertions about the process or the record. Such assertions are not sufficient to meet the applicable standard.
As Respondent has noted, this Court’s review is limited by the Employment Action Review Ordinance to a review of the “underlying record.” As indicated in a previous decision regarding this same case, that Ordinance provides a limited waiver of Respondent’s sovereign immunity. Order and Opinion After Pre-Hearing Conference (January 28, 2004). That waiver provides this Court with the jurisdiction to undertake a limited inquiry when reviewing Tribal or Tribal Governmental Corporation actions with regard to employees. While we disagree with Respondent’s characterization that the list of categories set out in the last sentence of Tribal Code § 255.5(d)(6) comprises the exclusive list of items that can be deemed part of the underlying record, the overall scheme of the Ordinance makes clear that our review is limited to those items that had been submitted to or otherwise considered by the Decisionmaker in rendering the Final Employment Decision. Petitioner had an opportunity, iri the proceedings below, to include any Items he wanted considered in the record before the Decisionmaker.
We understand Petitioner’s argument to be that the process offered in the proceedings below did not afford him an adequate opportunity to develop and introduce his preferred evidence into the record. Without prejudging the validity of these assertions regarding the process, the Court has determined that the issues raised by Petitioner do not demonstrate a need to expand the record at this level. The language in the Employment Action Ordinance is clear: for items to be included in the record, Petitioner must make a showing, to the satisfaction of the Court, “that the additional documents were part of the underlying record.” Tribal Code § 255.5(d)(4). Petitioner’s assertions about the inadequacy of the process do not amount to such a showing. Petitioner is not precluded from raising the due process arguments related to the adequacy of the record as part of his case challenging the validity of the process afforded below, and that is the appropriate mechanism to address the issues raised in his request to supplement the record.
We find Respondent’s analogy to case law interpreting federal court authority when reviewing administrative agency action persuasive, since the scheme established by the Tribe is similar in scope and intent to the Administrative Procedure Act (“APA”). Compare 5 U.S.C. § 706 (in reviewing administrative agency action under the APA, “... the court shall review the whole record or those parts of it cited by a party ... ”) with Tribal Code § 255.5(d)(7) (“Matters shall be submitted to and review shall be conducted by the Tribal Court without a jury on the record or on that part of the record relied upon by the parties ... ”).
*91 As the federal courts have noted in the APA context, judicial review of agency action is generally limited to the full administrative record already in existence, and not a new record made initially in the reviewing court. See Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985) (“The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry”). This comports with notions of fundamental fairness under the limited scope of such reviews: “If a court is to review an agency’s action fairly, it should have before it neither more nor less information than the agency did when it made its decision.” See Walter O. Boswell Memorial Hospital v. Heckler, 749 F.2d 788, 792 (D.C.Cir.1984). Thus, the “underlying record” consists of that “which was before the agency at the time the decision being reviewed was made, and it ‘consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency’s position.’ ” National Wildlife Fed’n v. Burford, 677 F.Supp. 1445 (D.Mont.1985) (quoting Exxon Corp. v. Department of Energy, 91 F.R.D. 26, 33 (N.D.Tex.1981)). While there are several limited exceptions to this rule, none of those exceptions are present in this case.
First, a Court may supplement or look beyond the record if necessary to explain an agency decision. See Friends of the Earth v. Hintz, 800 F.2d 822, 829 (9th Cir.1986). This exception is a narrow one. When there is “such a failure to explain administrative action as to frustrate effective judicial review,” the court may “obtain from the agency, either through affidavits or testimony, such additional explanations of the reasons for the agency decision as may prove necessary.” Public Power Council v. Johnson, 674 F.2d 791, 793-94 (9th Cir.1982), quoting, Camp v. Pitts, 411 U.S. 138, 143, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) (per curiam). “Only if the record is so scant that it frustrates judicial review would the court be justified in opening up the record to search for further explanation of the agency’s action.” See Norfolk & Walpole v. U.S. Army Corps of Engineers, 137 F.R.D. 183, 188 (D.Mass.1991), aff’d Town of Norfolk v. U.S. Army Corps of Engineers, 968 F.2d 1438 (1st Cir.1992). Petitioner has not made a showing that the existing record is insufficient to determine the basis of the Decisionmaker’s action.
A second, related set of exceptions is where the additional information is needed to help explain the agency’s action because the action is too technical to be understood without additional information, Conservation Law Foundation of New England, Inc. v. Clark, 590 F.Supp. 1467 (D.Mass.1984), or is otherwise inexplicable. Bergen County v. Dole, 620 F.Supp. 1009 (D.N.J.1985), aff'd 800 F.2d 1130 (3rd Cir.1986). The Decisionmaker’s Final Employment Decision in this case is neither too technical to understand or otherwise in need of additional explanation.
Third, the Court is justified in looking past the administrative record when bad faith is claimed. Public Power Council v. Johnson, 674 F.2d 791, 795 (9th Cir.1982). However, “there must be a strong showing of bad faith or improper behavior before the court may inquire into the thought processes of administrative decisions.” Id. (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 186 (1971)). The general rule is that such inquiry into the mental processes of administrative de-cisionmakers is usually to be avoided. Id., (iciting United States v. Morgan, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 *92 (1941)). This general rule has been adopted by the Grand Ronde Tribal Court of Appeals, and thus governs this Court. Pearsall v. Tribal Council of the Confederated Tribes of the Grand Ronde Community of Oregon, Case No. A-03-02-002, at p, 5, 2004 WL 5599264, 5 Am. Tribal Law 58, 64-65 (Grande Ronde 2004). While Petitioner has made assertions that Respondent has acted in bad faith, Petitioner has offered nothing more than such assertions. Conclusory assertions do not amount to the necessary “strong showing.”
Based on the foregoing, we look at each of the categories of additional items requested by Petitioner.

a.Additional Videotapes of Tribal Council Members in Gaming Facility

Petitioner requests that Respondent provide videotape footage “showing the appearance of possible or actual gambling by Tribal Councilor Jan Reibach during the past 18 months, including any and all documents containing information relating or pertaining to any such incident or incidents.” Petitioner reiterates this request for “any other Tribal Councilor during the same time period.”
Petitioner’s counsel conceded at oral argument that he does not know whether such videotape even exists or if the alleged incidents of gambling even took place. Petitioner does not assert that he made these other videotapes, and his counsel conceded at oral argument that he did not. Petitioner does not assert that the Decision-maker reviewed or considered such videotapes in the decision below. Petitioner did not seek to include such information in the proceedings below. His basis for the request is that Petitioner was terminated in retaliation for exposing improper gambling by Tribal Council Member Jan Reibach. However, to the extent that this basis implicates “bad faith” on the part of the Decisionmaker, Petitioner has failed to make the requisite “strong showing.”
The only videotape relevant to these proceedings is the one which was made by Petitioner leading up to his termination, and the Court has been assured by Respondent that this videotape has already been supplied as part of the certified record below. The request for additional videotape footage is denied.

b. Description of Job Duties, Authority and Poivers

Petitioner has requested “all documents describing the job duties, authority and powers, if any, for each of the individuals involved in the termination of Petitioner’s employment and the administrative review of Petitioner’s appeal.” Petitioner, however, does not contest that the individuals involved in the termination of his employment lacked the authority to do so, and did not raise this issue below. Petitioner has not offered any reasoning for including such information in the record.
The Court notes, however, that in its review of the Final Employment Decision, it would be useful to have the information regarding the two directors who comprised the review committee, to ensure that they met the requirements set out in the Spirit Mountain Casino Employee Handbook, Section 20.4 (“A File Review Committee is composed of two SMGI Directors who do not oversee the grievant’s department”). Thus, Petitioner’s request is granted as to the two directors on the File Review Committee, and denied as to the rest.

c. Communications from Tribal Council

Petitioner requests “all documents containing information relating or pertaining *93 to any communication by any Member of the Tribal Council, or any Tribal officer or other person acting at the behest of or for any Tribal Councilor or the Tribe regarding the employment, threatened termination or actual termination of employment by the Petitioner, which are not already included in full in the Record Production filed by the Defendant.” (Emphasis in original.) Petitioner argues that if there were communications from the Tribal Council in which Spirit Mountain Gaming staff were told or otherwise influenced to take action against Petitioner, those should be included in the record. Respondent argues that such communications, if they exist, are not appropriately part of the record because they were not relied upon by the Decisionmaker. Petitioner’s argument is too broad, and would go well beyond the limits of the Ordinance. On the other hand, Respondent’s argument is too con-clusory, and would put too much discretion in the hands of Respondent to determine—in advance of judicial review— what communications were purportedly the only ones relied upon by the Deci-sionmaker.
The Court finds that the intent of the Tribal Council in the Employment Action Ordinance is clear: if there was “documentary information or evidence submitted to or relied upon by” the Deci-sionmaker, such documentary information or evidence is part of the underlying record. Tribal Code § 255.5(d)(4)(B). If the Tribal Council or any member of the Tribal Council sought to influence the process by submitting documentary information or evidence, that is relevant information and should have been included in the underlying record, since it is communication “submitted to or relied upon” by the Decisionmaker.
Respondent will provide as part of the record any communication by any Member of the Tribal Council, or any Tribal officer or other person acting at the behest of or for any Tribal Councilor or the Tribe regarding the employment, threatened termination or actual termination of employment by the Petitioner that was submitted to or relied upon by the Decisionmaker. If there is no such communication, Respondent shall so certify to the Court.

d. Scope of Authority and Powers of Each Member of Tribal Council

Petitioner has requested “[t]hose documents, which when considered together, without duplication, fully set forth the scope and authority and powers of each member of the Tribal Council as to any aspect of the employee relations, terms and conditions of employment, employee termination or appeals thereof regarding Petitioner.” Petitioner makes no showing that such information was part of the underlying record, and appears to assert the necessity of such information as part of his claim of bad faith or improper action. Petitioner has not made the necessary “strong showing” regarding such assertions. The requested information was not part of the underlying record, and the Court sees no means by which such information would be relevant to its inquiry in this matter. Petitioner’s request is denied.

e. Catchall Request

Petitioner includes the following catchall request: “All documents and the record in whatever form information is contained for the actual review, hearing, taking of evidence and testimony, and any deliberation thereon, of the administrative review, decision and/or appeal of these employment matters involving the Petitioner.” Respondent replies that the record certi- *94 fled by Respondent contains all information requested under this heading. Respondent will provide a certification that the record is complete with a declaration from counsel to that effect.
Based on the foregoing, IT IS HEREBY ORDERED:
1. Petitioner’s motion to expedite and bifurcate these proceedings is DENIED;
2. Petitioner’s motion to supplement the record is GRANTED in part; Respondent shall add the following items to the record for this case:
a. All documents describing the job duties, authority and powers of the two directors who comprised the File Review Committee for Petitioner’s grievance;
b. Any communication by any Member of the Tribal Council, or any Tribal officer or other person acting at the behest of or for any Tribal Councilor or the Tribe regarding the employment, threatened termination or actual termination of employment by the Petitioner that was submitted to or relied upon by the Decisionmaker. If there is no such communication, Respondent shall so certify to the Court.
3. As to any other items requested by Petitioner, Petitioner’s motion to supplement the record is DENIED.
4. Respondent shall add to the record the items set out in number 2 above and certify to the Court, via a declaration of counsel, that the record is complete and that all requested items have either been provided or do not exist no later than Wednesday, February 17, 2004.
5. Briefing shall be according to the following schedule:
a. Petitioner’s initial brief shall be filed with the Court and served on Respondent no later than __;
b. Respondent’s response brief shall be filed with the Court and served on Petitioner no later than 30 days after Petitioner’s initial brief is filed and served;
e. Petitioner’s reply brief shall be filed with the Court and served on Petitioner no later than 15 days after Petitioner’s initial brief is filed and served.
All other requirements of Tribal Code § 255.5(d)(6) as to page limits, margins, spacing, form, legal argument and citation to the record will apply.
6.Oral argument is set for 9:30 AM on Friday, June 11, 2004, at the Tribal Court.

. The Tribal Constitution incorporates the ICRA by reference, Art. Ill, Sec. 3{k), and charges the Tribal Court with enforcing its provisions. Art. IV, Sec. 3.

. We note, however, that the Court would have discretion to address the Constitutional question, even if the case was to be remanded on the merits, if in the Court's determination it is an issue that is apt to rise again on remand. See In the Matter of Synowski, Lewis, Ramey v. Confederated Tribes of Grand Ronde, Case Nos.: C-00-11-003, C-00-11-004, C-00-11-005 at 5, 2001 WL 36155770, 3 Am. Tribal Law 276, 281-82 (Grand Ronde *89 2001). The Court: reserves its discretion to address the Constitutional issue if the Court deems that it would be important to do so in the interest of judieial efficiency.